David Scott NOGGLE *v.* STATE of Arkansas

CR 97-1474                                                962 S.W.2d 368

Supreme Court of Arkansas
Opinion delivered February 26, 1998

*Petitioner,* pro se.

No response.

PER CURIAM. On August 16, 1996, judgment was entered reflecting that David Scott Noggle had entered a plea of guilty to the felony offenses of two counts of rape, intimidating a witness, residential burglary, and terroristic threatening. An aggregate sentence of three hundred months' imprisonment in the Arkansas Department of Correction was imposed.

On October 15, 1996, Noggle filed in the trial court a *pro se* petition for postconviction relief, invoking Criminal Procedure Rule 26 and Criminal Procedure Rule 37, in which he sought to withdraw the guilty plea under Rule 26 or to have the plea and sentence vacated under Rule 37. He subsequently retained an attorney, Jeff Rosenzweig, who was permitted by the court to file an amended petition.

On February 27, 1997, the trial court denied the petition and amended petition. Attorney Rosenzweig filed a timely notice of appeal on March 25, 1997. On June 5, 1997, Rosenzweig filed

a "Notice of Discontinuation of the Appeal." Attached to the notice was a document signed by Noggle which said:

> After consultation with counsel and with my family, I have decided not to appeal the decision of the Circuit Court denying my petition for relief under Rule 26 and Rule 37.

The circuit court entered an order on June 12, 1997, permitting the appeal to be discontinued.

On December 9, 1997, Noggle filed in this court a *pro se* motion for belated appeal and affidavit of indigency pursuant to Criminal Procedure Rule 36.9, which is now Rule 2(e) of the Rules of Appellate Procedure—Criminal, seeking to continue with the appeal. He contends in the motion that he should be permitted to perfect the appeal to this court because his acquiescence in dismissing the appeal was based on his inability to pay his attorney and that he was unaware that he could petition this court to allow him to proceed *in forma pauperis*.

As is the practice of this court when a *pro se* motion is filed to proceed with a belated appeal, an affidavit in response to the allegations in the motion was requested from Mr. Rosenzweig. Rosenzweig avers in his affidavit that there was never an assertion by petitioner Noggle or the Noggle family that petitioner was unable to pay the cost of the appeal. Rather, the decision to drop the appeal was made on the basis of petitioner's fear of obtaining a greater sentence if tried for the offenses and the fact that petitioner had been assigned to a program which allowed him to work at a county jail. Rosenzweig further avers that he spoke directly with petitioner by telephone about the decision and subsequently secured his signature on the request to drop the appeal.

Rosenzweig notes that he received a letter from petitioner, dated October 14, 1997, which is appended to his affidavit, in which petitioner requested that Rosenzweig assist him in having the appeal reinstated by asserting that the appeal was dropped for financial reasons and further stating that he (Rosenzweig) had told petitioner that the appeal could be resumed later if the Noggle family were able to afford it. Rosenzweig has also appended his letter in response to that letter in which he declined to make the statement "because it would not be true."

Rule 2(f) of the Rules of Appellate Procedure—Criminal provides in pertinent part:

> Dismissal of Appeal. If an appeal has not been docketed in the Supreme Court, the parties, with the approval of the trial court, may dismiss the appeal . . . upon a motion and notice by the appellant.

Here, Rosenzweig gave notice to the circuit court before the appeal was docketed in this court that appellant had elected to discontinue the appeal. The notice was accompanied by a statement signed by appellant Noggle verifying that he had made the decision to drop the appeal. The court subsequently entered an order dismissing the appeal. Considering these circumstances, we conclude that counsel followed proper procedure to dismiss the postconviction appeal, and petitioner has not shown good cause to allow its reinstatement.

Motion denied.